IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

EMILE FORT,

    Defendant.

No. CR 05-00167 WHA

**OMNIBUS ORDER RE PENALTY-PHASE MOTIONS (Dkt. Nos. 1645, 1657, 1666–67, 1669, 1681–82)**

    This omnibus order rules on several disputed issues regarding a potential penalty phase of this trial.

**DEFENDANT'S MOTION FOR DISMISSAL OF THE CAPITAL CHARGES:**

    Defendant Fort moved to dismiss the death-penalty charges on the grounds that the government's decision to seek the death penalty against Fort — but not other members of the alleged RICO conspiracy — was arbitrary and capricious and therefore in violation of defendant's rights under the due process clause of the Fifth Amendment and the Eighth Amendment. The motion is **DENIED**.

    Prosecutors must be given wide berth in their decisions to seek the death penalty for eligible crimes. *McCleskey v. Kemp*, 481 U.S. 279, 296 (1987). Although the scope of that discretion is not unlimited, "[b]ecause discretion is essential to the criminal justice process, we would demand exceptionally clear proof before we would infer that the discretion has been abused." *Id.* at 297, 306–07. "Absent a showing that the [pertinent] capital punishment system operates in an arbitrary and capricious manner, [the defendant] cannot prove a constitutional

violation by demonstrating that other defendants who may be similarly situated did not receive the death penalty." *Id*. at 311–12. Here, the decision to seek the death penalty against Fort was not arbitrary and capricious. The indictment avers defendant was a leader of the alleged RICO enterprise and that defendant committed three death penalty-eligible murders in connection with the alleged RICO conspiracy (Dkt. No. 181 at 44–50, 86–88). One of those involved the murder of an infant.

Defendant relies on *Furman v. Georgia*, 408 U.S. 238, 287 (1972), which discussed the due process and Eighth Amendment concerns inherent in decisions to impose the death penalty, and *United States v. Littrell*, 478 F.Supp.2d 1179 (C.D. Cal. 2007), which found, based on such considerations, that the imposition of the death penalty against a particular defendant was arbitrary and capricious given differing dispositions as to other defendants. While it is true that co-defendants Diaz and Milburn were permitted to avoid death-penalty prosecution through negotiated plea agreements, the government's decision to decline a similar negotiated disposition for Fort was not arbitrary and capricious. Each was charged (in different counts) with different murders, each with separate circumstances. Fort is alleged to have held a leadership position in the organization's hierarchy greater than that of Diaz. Defendant argues that Diaz was charged with more "acts of violence" than Fort, but Diaz was *not* charged with more death penalty-eligible murders than Fort. The indictment's "notice of special findings" alleged three aggravating factors for each of Fort's three charged murders (for a total of four), while it alleged one or two aggravating factors for each of Diaz's three charged murders (for a total of three). While defendant Milburn, in turn, was alleged to have held a position of senior leadership in the RICO enterprise, Milburn was alleged to have committed fewer murders than Fort. The allegations against defendants Diaz and Milburn did not involve the murder of a small baby. That charge was made solely against Fort. Given the varying and unique circumstances of the capital crimes charged, this order is unable to conclude that the government's decision to pursue the death penalty against defendant Fort was arbitrary and capricious.

**BURDEN OF PROOF UNDER 18 U.S.C. 3593(e):**

In response to an objection during *voir dire* questioning, the parties were directed to submit briefing regarding whether, in order to impose the death penalty under 18 U.S.C. 3593(e), the government is required to prove (and the jury is required to find) *beyond a reasonable doubt* that the aggravating factors "sufficiently outweigh" the mitigating factors. This order **HOLDS** that the statute imposes no such evidentiary burden of proof on the government.

Under the Federal Death Penalty Act, 18 U.S.C. 3591 *et seq.*, in order to impose a sentence of death, the government must prove beyond a reasonable doubt both that the defendant committed a death penalty-eligible crime with one of the four statutory *mens reas and* that the crime involved at least one aggravating factor. *Id*. at §§ 3591(a)(2), 3593(d). The Act prescribes that, if those requirements are proven beyond a reasonable doubt, then:

> the jury . . . shall consider whether all the aggravating factor or factors found to exist *sufficiently outweigh* all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

18 U.S.C. 3593(e) (emphasis added). Defendant argues that the instruction to "consider" whether aggravating factors "sufficiently outweigh" mitigating factors imposes on the government a burden to prove beyond a reasonable doubt that aggravating factors "sufficiently outweigh" mitigating factors. The argument implies that the condition of aggravating factors "sufficiently" outweighing mitigating factors is a "*fact*" susceptible to proof.

The instruction to consider whether aggravating factors "sufficiently outweigh" mitigating factors (or whether aggravating factors alone are "sufficient") does not impose an evidentiary burden on the government. A determination on those questions is not a "fact" to be proven beyond a reasonable doubt but rather is a weighing processes that the jury is directed to undertake, using its own value system and judgment. In *United States v. Mitchell*, 502 F.3d 931, 993 (9th Cir. 2007), the Ninth Circuit addressed this question, albeit arguably in *dicta*, and reasoned as follows:

> *Standard of proof in weighing step.*
> \* \* \*

3

> At this stage [*i.e.*, 18 U.S.C. § 3593(e)], the jury's task is no longer to find whether factors exist; rather, each juror is to "consider" the factors already found and to make an individualized judgment whether a death sentence is justified. *Id*. Thus, the weighing step is an "equation" that "merely channels a jury's discretion by providing it with criteria by which it may determine whether a sentence of life or death is appropriate." *See Marsh*, 126 S.Ct. at 2526. Mitchell does not suggest how a beyond-reasonable-doubt standard could sensibly be superimposed upon this process . . . . Were it required, then the corollary obligation under the Fifth Amendment would presumably be triggered, and the "fact" that aggravating factors outweigh mitigating factors would need to be found by the grand jury and charged in the indictment.

*Id*. at 993–94 (emphasis in original). At least four other courts of appeals have agreed, either expressly or by necessary implication, that the "sufficiently outweigh" determination is not a "fact" but rather is a weighing process. *United States v. Sampson*, 486 F.3d 13, 32 (1st Cir. 2007) ("As other courts have recognized, the requisite weighing constitutes a process, not a fact to be found . . . . The outcome of the weighing process is not an objective truth that is susceptible to (further) proof by either party"); *United States v. Fields*, 483 F.3d 313, 345–46 (5th Cir. 2007) ("the *Apprendi/Ring* rule should not apply here because the jury's decision that the aggravating factors outweigh the mitigating factors is not a finding of fact. Instead, it is a 'highly subjective,' 'largely moral judgment' 'regarding the punishment that a particular person deserves'); *United States v. Purkey*, 428 F.3d 738, 749 (8th Cir. 2005) ("it makes no sense to speak of the weighing process mandated by 18 U.S.C. § 3593(e) as an elemental fact for which a grand jury must find probable cause. In the words of the statute, it is a 'consideration,' 18 U.S.C. § 3593(e), — that is, the lens through which the jury must focus the facts that it has found"); *United States v. Barrett*, 496 F.3d 1079, 1107–08 (10th Cir. 2007) (citing *Fields*; reaching same result under the nearly identical language — prior to revision — of 21 U.S.C. 848). No court of appeals has deviated from these holdings; this order declines to do so.

Defendant emphasized at the hearing that in *Sampson*, the *trial court* had instructed the jury that "however jurors defined sufficiency, the prosecution had to convince them 'beyond a reasonable doubt that the aggravating factor or factors sufficiently outweigh the mitigating factors to make death the appropriate penalty in [the] case.'" *Sampson*, 486 F.3d at 33 (quoting the district court's jury instruction). The appellate decision did *not*, however, hold that the jury

4

must find the Section 3593(e) weighing requirement to have been satisfied beyond a reasonable doubt — as stated, it held precisely the opposite. The appellate decision first *rejected* the claim that Section 3593(e) imposes a "reasonable doubt" standard on the weighing process; it then confronted the "residual" argument that "the district court's simultaneous and alternating references to both a personal notion of sufficiency and a reasonable doubt standard were confusing and inconsistent." *Id*. at 32. The decision concluded that the instruction as a whole had "clearly communicated to jurors the relatively straightforward proposition that they, as individuals, had to be certain that death was the appropriate punishment before imposing it." *Ibid*. Moreover, the decision explained that even if the jury *erroneously* interpreted the instruction as requiring the Section 3593(e) weighing to be satisfied beyond a reasonable doubt, the error would have been "patently harmless" because it would have benefitted the defendant. This order, therefore, agrees with the above-cited cases and concludes that the FDPA does not impose the reasonable doubt standard on the jury's Section 3593(e) weighing process.

### SCOPE OF FIFTH AMENDMENT PRIVILEGE AT PENALTY PHASE:

At the request of the Court, the parties addressed the applicability of the Fifth Amendment privilege against self-incrimination at the penalty phase of capital trials. The parties substantially agree on this issue. *First*, both sides agree (explicitly or implicitly) that the Fifth Amendment privilege against self-incrimination applies equally at the guilt and penalty phases of a capital trial. As the Supreme Court explained:

> Just as the Fifth Amendment prevents a criminal defendant from being made " 'the deluded instrument of his own conviction,'" . . . it protects him as well from being made the "deluded instrument" of his own execution.
>
> We can discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned. Given the gravity of the decision to be made at the penalty phase, the State is not relieved of the obligation to observe fundamental constitutional guarantees.

*Estelle v. Smith*, 451 U.S. 454, 462–63 (1981) (citations omitted).

*Second*, both sides agree that, should defendant testify at the penalty phase of the trial, he would not automatically waive the privilege in its entirety, as to all subjects. Both sides

5

agree with the basic holding of *Lesko v. Lehman*, 925 F.2d 1527 (3d Cir. 1991). In *Lesko*, the defendant had "provided testimony of a biographical nature at the penalty phase of his trial." *Id*. at 1542. The decision concluded that the defendant:

> could not claim a fifth amendment privilege against cross-examination or prosecutorial comment on matters reasonably related to his credibility or the subject matter of his testimony . . . . [But,] defendant's penalty phase testimony about mitigating factors that are wholly collateral to the charges against him [did not] operate[] as a complete waiver of the defendant's self-incrimination privilege or his rights under *Griffin*.

*Id*. at 1542 (citing *Griffin v. California*, 380 U.S. 609 (1965)). The prosecution did not cross-examine the defendant. In its closing arguments, however, the prosecution emphasized that, although the defendant had presented mitigating evidence, the defendant had failed to "say I'm sorry" or express remorse for what he had done. The decision concluded that the defendant's "penalty phase testimony about this childhood, family background, and schooling did not bear even a tangential relationship to the substance of the charges against him." *Id* at 1543. The decision ruled, therefore, that the "prosecutor's remarks constituted an impermissible comment on [the defendant's] failure to testify on the merits." *Id*. at 1544. *See also, e.g.*, *Pawlyk v. Wood*, 248 F.3d 815, 825–28 (9th Cir. 2001) ("The Supreme Court has [] recognized that a defendant who asserts a mental status defense lacks a Fifth Amendment right to remain silent regarding the mental status that he has placed at issue . . . . A defendant by 'his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case'") (citing *Buchanan*, 483 U.S. at 422–23 and *Estelle*, 451 U.S. at 465). This order holds, therefore, that the Fifth Amendment privilege against self-incrimination applies equally at the guilt and penalty phases of a capital trial, and that in the event that defendant testifies at the penalty phase of the trial for limited purposes, he will waive the privilege as to subjects that he testified to and as to credibility.

**DISPARATE TREATMENT OF CO-DEFENDANTS AS A MITIGATING FACTOR:**

The parties dispute the extent to which, under 18 U.S.C. 3592(a)(4), defendant may present evidence of relative culpability and differing dispositions of co-defendants as a mitigating factor as to a *capital* count charged *only* against Mr. Fort, the others being co-defendants only as to non-capital counts. The issue will be briefed on the stipulated schedule and a hearing on the issue will be held January 28, 2009, at 2:00 p.m. (Dkt. No. 1682).

**IT IS SO ORDERED.**

Dated: December 11, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7