UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>EMILE FORT,<br>    Defendant. | No. CR 05-00167-2 WHA<br><br>**ORDER DENYING MOTION TO RECONSIDER COMPASSIONATE RELEASE** |

Emile Fort, 39, first moved for compassionate release in March 2021. An order dated April 7, 2021, denied the motion (Dkt. No. 2030). On April 8, our court of appeals decided *United States v. Aruda,* No. 20-10245, D.C. No. 1:14-cr-00577 (April 8, 2021), which informs the legal standard applicable to motions of this ilk. Mr. Fort promptly moved for reconsideration.

In 2009, Mr. Fort pled guilty to one count of Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization. He admitted to distributing drugs and the attempted murder of rival gang members. He killed two adults and an infant.

He asks that we reconsider our prior refusal to modify, under 18 U.S.C. § 3582(c)(1), his original 496-month sentence to time served (approximately 17 years). This order follows full briefing and two oral arguments (telephonic due to COVID-19).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may modify a term of imprisonment:

upon motion of the Director of the Bureau of Prisons, or upon

> motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In determining whether to modify a term of imprisonment, a district court must consider the factors in Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Our court of appeals recently found in *United States v. Aruda,* No. 20-10245, D.C. No. 1:14-cr-00577 (April 8, 2021), however, that there is no currently-applicable policy statement issued by the Sentencing Commission. Thus, the policy statement does not bind district courts.

But Section 3553(a) instructs district courts to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . . [in] the guidelines.

*First,* Mr. Fort pled to Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization and admitted killing two adults and a baby. While this was his first serious offense, he also belonged to a gang. True, he has done substantial programming, but his prison

2

disciplinary record reflects his more recent history:  he has faced charges for assault, fighting, contraband, and most recently, in 2016, possession of a dangerous, homemade weapon.

*Second,* the underlying crime demanded (and demands) the 496-month sentence to reflect the grave offense Mr. Fort committed.  He has served approximately 17 years, but 17 years does not reflect the seriousness of the crime or provide just punishment for the offense.

*Third*, affording adequate deterrence and promoting respect for the law likewise requires the full 496-month sentence.

*Fourth*, the underlying crime involved enormous danger to the public, including shooting into a house and killing an infant.  As discussed, some violence mars his prison disciplinary record.  The seriousness of his prior offense suggests too strongly that he might be tempted to commit a new crime.  The need to protect the public from further crimes by Mr. Fort persists.

*Fifth*, Mr. Fort has virtually maxed out his educational opportunities while in prison, including getting his GED and taking 85 programs, a commendable achievement.  The need for medical care, including his present inability to protect himself from those infected with COVID-19, is his best point.  Mr. Fort suffers from essential hypertension, pre-diabetes, high cholesterol, and Post Traumatic Stress Syndrome, and formerly smoked (Dkt. No. 2022, Exh. 3 at 10, 11, 39, 63, 78; PSR ¶ 169; Fort Decl. ¶ 2; Fort Decl. 3; *id*. at 33, 63, 78, 86, PSR ¶¶ 169, 171).

COVID-19 cases at Victorville Medium I FCI, where he is housed, remained high (6 inmates, 10 staff) as of April 5, 2021.  *See* Federal Bureau of Prisons, "Corona Virus – COVID-19," https://www.bop.gov/coronavirus/ (last updated April 2, 2021).  Still, Mr. Fort has received the Moderna vaccine.  The health factor does not outweigh the other negative factors (Dkt. No. 2022, Exh. 3).

*Sixth*, the types of other sentences available, including home confinement and/or supervised release, would not provide just punishment.

*Seventh*, the sentencing guidelines provided a just sentence, which has placed Mr. Fort's release date in May 2040.

3

All factors considered, too much remains on Mr. Fort's original sentence. The need to protect the public also precludes relief.

The motion for reconsideration of our prior denial of compassionate release is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 29, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE